**In the United States District Court
for the District of Kansas**

**United States of America**,
        Plaintiff,

v.                                                  Case No. 19-10134-01 EFM

**Shawn R. Seburn**,
        Defendant.

**Order for Continuance**

Now on this 18th day of March, 2020, the above matter comes before the Court on Defendant Shawn R. Seburn's Motion for Continuance (Doc. 29) of the pretrial motions deadline, status conference, and jury trial for 60 days. The government does not object to the defendant's request.

Having reviewed the motion, and being familiar with the case history, this Court finds the following reasons:

    a. Mr. Seburn was arraigned on October 21, 2019.

    b. The government provided discovery in this case on:

        i.    October 29, 2019;

       ii.    December 20, 2019;

      iii.    December 23, 2019; and

      iv.    February 28, 2020,

    consisting of 887 pages of documents and 1 audio recording.

c. On February 2, 2020, counsel requested the production of a specific document available during in-office review of discovery on January 22, 2020, but not produced previously. The document was the report of forensic examiner Amy Corrigan, who conducted the government's examination of a seized laptop and cell phone from Mr. Seburn's residence. The document was material to comparing previously produced evidence, retaining an expert witness, and confronting the opinions of Ms. Corrigan, should she testify as a government witness.

d. After a phone call with government counsel of February 14, 2020, counsel again requested a copy of the report be produced and asked about material available and scheduling for a retained expert investigator to review a computer and a laptop at RCFL.

e. On February 19, 2020, counsel contacted an expert investigator to examine the devices at RCFL.

f. On February 28, 2020, counsel again requested the production of the report. Government counsel produced the report that same day. Government counsel provided some direction about how an expert could review the devices at RCFL.

g. Counsel has directed his, now retained, expert investigator to make arrangements to review the devices personally at RCFL. That review is ongoing.

h. Meanwhile, counsel remain in negotiations for a potential resolution to the matter. Counsel needs additional time to consult with Mr. Seburn about the terms. Additionally, as the investigation continues counsel needs to consult with Mr. Seburn about the results of the investigation and possible legal and factual defenses. Mr. Seburn is being held at Butler County Jail. Counsel, in a coordinated effort with the Federal Public Defender offices across the District of Kansas, has suspended jail visits to prevent the spread of COVID-19.[1] Given the guidance from the CDC and the Court, counsel expects the 60 days requested in this motion will be necessary to find a safe opportunity to visit Mr. Seburn again to discuss the resolution offer and evaluate any factual and legal defenses developed in the interim.

For these reasons, this Court finds that additional time is necessary for counsel's effective preparation, taking into account counsel's exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). This Court further finds that the period of delay resulting from this continuance shall be excluded in computing time under the Speedy Trial Act, because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7).

---

[1] *See also* District of Kansas Administrative Order No. 2020-3, finding as a result of the declaration of a national emergency due to COVID-19 "the time periods of postponements implemented by this Administrative Order will be excluded under the Speedy Trial Act, as the Court specifically finds that for public safety reasons, the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial."

Specifically, the time from March 17, 2020, to the Court's ruling on this motion to continue is excluded, as is the time from the trial setting of April 21, 2020, to the new trial setting of June 23, 2020.

This Court therefore grants the requested continuance, and imposes the following deadlines:

1. Motions deadline is May 18, 2020.

2. Status conference June 8, 2020 at 11:30 a.m. in Judge's Chambers, Room 414.

3. Jury trial June 23, 2020 at 9:00 a.m. in Courtroom 408.

It is therefore ordered that the Motion for Continuance (Doc. 29) is granted.

So ordered on this 18th day of March, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE